**FOX ROTHSCHILD LLP**
By:  Robert Rohrberger, Esq.
     Natalya G. Johnson, Esq.
75 Eisenhower Parkway, Suite 200
Roseland, New Jersey 07068
Tel: (973) 994- 7551
Fax: (973) 992- 9125
rrohrberger@foxrothschild.com
njohnson@foxrothschild.com

-- and –

**STROOCK & STROOCK & LAVAN LLP**
By:    Matthew Siegal, Esq. (*pro hac vice application forthcoming*)
       Binni N. Shah, Esq. (*pro hac vice application forthcoming*)
       J. Colby Van Horn, Esq. (*pro hac vice application forthcoming*)
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
msiegal@stroock.com
bnshah@stroock.com
jvanhorn@stroock.com
Attorneys for Plaintiff Reagent Chemical & Research, Inc.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REAGENT CHEMICAL & RESEARCH, INC.,<br><br>                    Plaintiff,<br>      v.<br>EUROTARGET SRL. and, EUROTARGET USA LLC,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

Reagent Chemical & Research, Inc. ("Reagent") hereby asserts claims of patent infringement against Eurotarget SRL. ("Eurotarget Italy"), and Eurotarget USA LLC, ("Eurotarget USA" and collectively "Eurotarget") for infringing U.S. Patent No. 5,947,475 ("the '475 patent") and alleges as follows:

## THE PARTIES

1. Reagent is a corporation organized and existing under the laws of Delaware, having a principal place of business at 115 US-202, Ringoes, New Jersey. Reagent manufactures in the United and sells launchable targets for use in trap and skeet shooting throughout the United States. Among the targets sold by Reagent are the White Flyer Biodegradable targets. Reagent emphasizes the low toxicity levels in its marketing of the White Flyer Biodegradable targets.

2. On information and belief, Eurotarget SRL., is an Italian company, having its principal place of business at Via Meucci, 35/37, 42046 Reggiolo (RE), Italy.

3. On information and belief, Eurotarget USA LLC, is a Pennsylvania corporation, having its principal place of business at 302 Tennessee Avenue, Elizabethville, Pennsylvania, 17023.

4. Upon information and belief, Eurotarget Italy is engaged in the manufacture in Europe and the importation into the United States and sale throughout the United States of launchable targets used for trap and skeet shooting. Among these targets sold by Eurotarget Italy are low toxicity targets ("Accused Targets"). Upon information and belief, Eurotarget USA is the authorized distributor in the United States for Eurotarget Italy's products, including the Accused Targets. Upon information and belief, Eurotarget Italy used Eurotarget USA as its agent in connection with the transactions giving rise to this litigation. Upon information and belief, Eurotarget USA engages in the importation and sale of the Accused Targets throughout the United States. Eurotarget emphasizes the low toxicity of the Accused Targets' in its marketing of the Accused Targets.

## JURISDICTION AND VENUE

5. The claims asserted in the Complaint arise under the Patent laws of the United States, 35 U.S.C. § 271 *et seq*.

6. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

7. On information and belief, Eurotarget has sold and/or offered to sell products, including targets for trap and skeet shooting, throughout the United States, including to companies located within the State of New Jersey. On information and belief, Eurotarget has offered to sell and/or sold and marketed the Accused Targets to customers and/or potential customers that are located in the State of New Jersey and has committed, contributed, and/or induced, acts of patent infringement which result in injury to Reagent in this District.

8. This Court has general personal jurisdiction over Eurotarget due to Eurotarget having sufficient contacts with New Jersey, resulting from Eurotarget's purposeful conduct and continuous and systematic connection with New Jersey such that Eurotarget should reasonably expect being hailed into a court within this District.

9. This Court has specific personal jurisdiction over Eurotarget, because Eurotarget has sufficient contacts with this District, resulting from transacting, doing, and soliciting business in this District and purposefully directing its infringing activities into this District and purposefully availing itself of the privilege of conducting business within the State, including offering to sell and/or selling and marketing the Accused Targets and other products to companies located within New Jersey.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## THE PATENT IN SUIT

11. The '475 patent, entitled "Environmentally Safe Projectable Targets", was lawfully issued by the United States Patent and Trademark Office ("PTO") on September 7, 1999. The '475 patent issued from U.S. Patent Application Serial No. 08/857,813, filed May 16, 1997. A copy of the '475 patent is attached as Exhibit A.

12. The '475 patent was assigned to Reagent, and Reagent is the rightful owner of the '475 patent and holds the entire right, title and interest in the '475 patent.

13. The '475 patent describes and claims a projectable, frangible and friable object and method of making the object, and to a shooting activity such as trap and skeet shooting with a target of low toxicity.

14. The '475 patent was filed May 16, 1997. Prior to the invention claimed in the '475 patent, conventional trap and skeet targets had been formed from pitch, a petroleum byproduct. Trap and skeet shooting is often done in natural fields and broken targets and target debris typically remain on those fields after the shooting activity is over. The pitch materials that were available at that time led to various toxicity concerns.

15. A trap and skeet target must be strong enough to be launched into the air without breaking and stable enough to be stored for extended periods of time without deteriorating. However, a trap and skeet target must also be brittle enough, so that it shatters reliably when hit with bird shot from the shooter, who typically stands approximately 27 yards from the trap launching the targets. It is undesirable when a target is hit by three or more pellets fired from the shotgun and does not break.

-5-

16. For many years prior to the invention claimed in the '475 patent, there were efforts at developing a trap and skeet target with lower toxicity than the targets that were commonly available. However, those targets were either not strong enough to be launched from the trap or not brittle enough to break consistently, such that they were not acceptable substitutes for the conventional targets of the time.

17. A target in accordance with the '475 patent satisfied the desire for a low toxicity, target, which could be launched from a trap and break reliably when hit by shot pellets fired from a shotgun. Targets in accordance with the invention have an LD50 toxicity level greater than 15 g/kg.

## BACKGROUND FACTS

18. The '475 patent will expire May 16, 2017. Accordingly, Reagent's statutory right to exclusivity in the invention claimed in the '475 patent will expire in less than a year and a half. Reagent has never licensed the '475 patent.

19. On information and belief, until Eurotarget began importing and selling the Accused Targets in late 2015, Reagent had experienced over 15 years of exclusivity in the United States in the manufacture and sale of targets that are covered by the claims of the '475 patent, including Reagent's White Flyer Biodegradable targets.

20. The Accused Targets are suitable for trap or skeet shooting.

21. On information and belief, the Accused Targets comprise a binder and filler.

22. The Accused Targets have an LD50 toxicity level greater than 15 g/kg.

23. The Accused Targets are cast in a state of sufficient brittleness, such that when shot at with bird shot from a twelve gauge shotgun, fired by shooters a distance of 27 yards from a trap launching the target, if any of those targets are hit by at least one pellet fired from the shotgun, but remain unbroken, less than about 10% of those unbroken targets will have been hit by three or more pellets.

24. The Accused Targets are cast in a state of sufficient brittleness, such that when shot at with bird shot from a twelve gauge shotgun, fired by shooters a distance of 27 yards from a trap launching the target, if any of those targets are hit by at least one pellet fired from the shotgun, but remain unbroken, less than about 4% of those unbroken targets will have been hit by three or more pellets.

25. The Accused Targets have sufficient brittleness to break into five or more pieces more than 80% of the time when hit with pellets fired from a shotgun by shooters standing about 27 yards from the trap launching the target.

26. The Accused Targets have substantially the weight and dimensions of conventional pitch targets.

27. The Accused Targets have a nature characteristic of a target made by heating the target ingredients to a temperature of over about 320°F for more than about one hour, cooling material to a temperature between about 240°F and 320°F and casting the material into a target.

28. The Accused Targets are sufficiently stable, such that if the targets are stored in a box for more than 45 days, fewer than 2% of the targets will develop cracks.

## COUNT I – DIRECT INFRINGEMENT UNDER 35 USC § 271(a)

29. Reagent hereby incorporates by reference Paragraphs 1 through 28 above, as though set forth fully herein.

38538472

30. Upon information and belief, Eurotarget has directly infringed one or more claims of the '475 patent under 35 U.S.C. §271(a) – particularly, but not limited to, claims 1, 18, 20, and 26-29, 33, 34, 36, 37 and 39 – by using, selling, offering for sale and importing in the United States products and methods concerning a target suitable for trap or skeet shooting embodying the patented invention, including, but not limited to, the Accused Targets and shooting of the same.

31. Reagent satisfied its requirements for marking its patented products with the patent number of the '475 patent pursuant to 35 U.S.C. § 287.

32. Over the years, Reagent has promoted the fact that its biodegradable targets are protected by the '475 patent.

33. Eurotarget was aware of the '475 patent when it began selling the Accused Targets.

34. The Accused Targets do not have any substantial uses that do not infringe the '475 patent – particularly, but not limited to, claims 1, 18, 20, 26-29, 33, 34, 36, 37, and 39.

35. As a consequence of Eurotarget's direct infringement, literal infringement and infringement by the doctrine of equivalents, of the '475 patent, with full knowledge of the '475 patent, Reagent has been damaged in an amount not yet determined.

36. Upon information and belief, Eurotarget's infringement of the '475 patent will continue in the future, and Reagent will continue to suffer monetary and irreparable damages as a consequence, unless Eurotarget's infringing acts are enjoined by this Court.

37. Upon information and belief, Eurotarget's direct infringement of the '475 patent has been, and continues to be, willful.

## COUNT II – INDIRECT INFRINGEMENT UNDER 35 USC §271(b)

38. Reagent hereby incorporates by reference Paragraphs 1 through 37 above, as though set forth fully herein.

39. Upon information and belief, Eurotarget has indirectly infringed one or more claims of the '475 patent under 35 U.S.C. §271(b) and (c) – particularly, but not limited to, claims 29, 33, 34, 36, 37 and 39 – by actively inducing and contributing to the infringement by others, to practice the claimed shooting activity methods with its Accused Targets.

40. Over the years, Reagent has consistently promoted the fact that its biodegradable targets are protected by the '475 patent.

41. Eurotarget was aware of the '475 patent when it began inducing and contributing to the infringement by others to engage in the patented shooting activity in the United States, with the Accused Targets.

42. The Accused Targets do not have any substantial uses that do not infringe the '475 patent.

43. Eurotarget provides documentation or other materials and instructions to its customers and encourages them to use the Accused Targets in a manner that infringes the '475 Patent.

44. Upon information and belief, Eurotarget has indirectly infringed one or more claims of the '475 patent by inducing others to infringe the '475 patent and/or contributing to the infringement of the '475 patent.

45. As a consequence of Eurotarget's direct infringement, literal infringement and infringement by the doctrine of equivalents, of the '475 patent, with full knowledge of the '475 patent, Reagent has been damaged in an amount not yet determined.

46. Upon information and belief, Eurotarget's indirect infringement of the '475 patent will continue in the future, and Reagent will continue to suffer monetary and irreparable injury as a consequence, unless Eurotarget's infringing acts are enjoined by this Court.

47. Upon information and belief, Eurotarget's indirect infringement of the '475 patent has been, and continues to be, willful.

## PRAYER FOR RELIEF

WHEREFORE, Reagent respectfully requests that the Court enter judgment against Eurotarget:

  A. determining that Eurotarget has infringed and continues to infringe one or more claims of the '475 patent;

  B. preliminarily and permanently enjoining Eurotarget, their respective officers, agents, servants, directors, employees and attorneys, and all persons acting in concert or participation with them, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing, inducing other to infringe, or contributing to the infringement of any claims of the '475 patent;

  C. ordering Eurotarget to account for and pay Reagent all damages suffered by Reagent as a consequence of Eurotarget's infringement of the '475 patent, together with interest and costs as fixed by the Court;

  D. ordering Eurotarget to pay ongoing royalties to Reagent to compensate Reagent for any further direct or indirect infringement by Eurotarget of any claim of the '475 patent after the verdict in this case;

E.  trebling Eurotarget's damages under U.S.C. § 284 on the ground that Eurotarget's infringement of the '475 patent was deliberate and willful;

F.  declaring that this case is exceptional and awarding Reagent its costs and attorney's fees in accordance with 35 U.S.C. § 285; and

G.  granting Reagent such other and further relief as the Court may deem just and proper.

**FOX ROTHSCHILD LLP**
Attorneys for Plaintiff Reagent Chemical & Research, Inc.

By: /s/ Robert Rohrberger
    Robert Rohrberger, Esq.

TO BE ADMITTED PRO HAC VICE
Matthew Siegal, Esq.
Binni N. Shah, Esq.
J. Colby Van Horn, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6066

Dated: January 15, 2016

38538472

## DEMAND FOR JURY TRIAL

Plaintiff Reagent Chemical & Research, Inc. hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all triable issues in this lawsuit.

> **FOX ROTHSCHILD LLP**
> Attorneys for Plaintiff Reagent Chemical & Research, Inc.
>
> By:   /s/ Robert Rohrberger
>         Robert Rohrberger, Esq.

Dated: January 15, 2016

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

> **FOX ROTHSCHILD LLP**
> Attorneys for Plaintiff Reagent Chemical & Research, Inc.
>
> By:   /s/ Robert Rohrberger
>         Robert Rohrberger, Esq.

Dated: January 15, 2016

38538472